[MODEL CHAPTER 13 PLAN AND RELATED MOTIONS]

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE:   ) CASE NO.
   **JASON WAYNE MCGUIRE**   )
   **KATHERINE LOVE MCGUIRE**   )
   )   CHAPTER **13**
   )   JUDGE
   Debtor(s).   )
   )

## CHAPTER 13 PLAN AND MOTIONS

☒ Original ☐ Amended   Date __

**YOUR RIGHTS WILL BE AFFECTED BY THIS PLAN.** You should read this and other documents sent to you carefully and discuss them with your attorney. Any party opposing any provision of this plan or any motion below must file a written objection by the date first set for the meeting of creditors or raise such objection orally before the conclusion of the meeting of creditors.

**THIS PLAN MAY REQUEST THAT YOU ACCEPT ITS TERMS.** If you are listed in Paragraph 4 below and you DO NOT ACCEPT the plan provisions listed in 4(a), the provisions of 4(b) will be your treatment under the plan. If you DO NOT ACCEPT the provisions of 4(a), you must file a statement that you DO NOT ACCEPT the plan either in writing prior to the meeting of creditors, or orally before the conclusion of the meeting of creditors, and the provisions of 4(b) will be part of the plan. The filing of a statement or orally making such statement at the meeting of creditors that you DO NOT ACCEPT the plan will not be deemed an objection to confirmation; it will be deemed an election to be treated as provided in Paragraph 4(b).

**IF YOU OBJECT TO CONFIRMATION**, you must either file a written objection to confirmation or orally object before the conclusion of the meeting of creditors as set by separate notice. This plan may be confirmed and the motions below granted WITHOUT FURTHER NOTICE unless timely objection to the motion(s) or confirmation is filed. If you hold a secured claim, this Plan is notice that your lien may be voided or modified as herein noted if you do not object.

**THIS PLAN DOES NOT ALLOW CLAIMS.** You must file a proof of claim to be paid under any plan that may be confirmed.

1. **PAYMENT AND LENGTH OF PLAN**
(a) Debtor shall pay $ **876.50   Bi-weekly** to the Chapter 13 Trustee starting **NEXT PAYCHECK** for approximately **60** months. This date can be no later than 30 days after filing of the petition. This amount may be altered if a creditor rejects the plan. See Paragraph 4.

   ☒ A payroll deduction order will issue to the Debtor's employer: **RELIABLE TRANSPORTATION**
   **545 MAINSTREAM DR**
   **NASHVILLE, TN 37228**
   ☐ Debtor will pay directly to the Trustee.
   (Name & address of employer)

(b) Joint Debtor shall pay $___ to the Chapter 13 Trustee starting ___ for approx. ___ months. This date can be no later than 30 days after the filing of the petition. This date can be no later than 30 days after filing of the petition. This amount may be altered if a creditor rejects the plan. See Paragraph 4.

   ☐ A payroll deduction order will issue to the Joint Debtor's employer:

   ☐ Joint Debtor will pay directly to the Trustee.
   (Name & address of employer)

(c) Other payments to the Trustee: **NONE**

(d) Total amount to be paid to Trustee shall be not less than $ **113,903.00** ("Base"). This amount may be altered if a creditor rejects the plan.

## 2. PRIORITY CLAIMS, INCLUDING ADMINISTRATIVE EXPENSES AND SUPPORT [See § 1322 (a) (2)]

The following priority claims, if allowed, will be paid in full unless creditor agrees otherwise:

| CREDITOR | TYPE OF PRIORITY | SCHEDULED AMOUNT | MONTHLY PAYMENT |
|---|---|---|---|
| DAVID HOLMES 019807 | Attorney Fees | 3,500.00 | 150.00 |
| Filing Fees | Filing Fees | 274.00 | |
| INTERNAL REVENUE SERVICE | Taxes and certain other debts | 2,989.00 | |

☒ The Trustee ☐ The Debtor shall pay Domestic Support Obligations that become due after filing of the petition as follows:

| DSO CREDITOR | SCHEDULED AMOUNT | MONTHLY PAYMENT |
|---|---|---|
| ASHLYNNE M. TATUM | | 442.00 |
| ASHLYNNE M. TATUM | 612.00 ARREARS THROUGH APRIL 2011 | |

## 3. PRIORITY CLAIMS SUBJECT TO SUBORDINATION

Pursuant to § 1322(a)(4), the following priority creditors shall not be paid in full:

| CREDITOR | REASON FOR SUBORDINATION | SCHEDULED AMOUNT |
|---|---|---|
| -NONE- | | |

## 4. SECURED CLAIMS NOT SUBJECT TO § 506

The following debts were either (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle or (2) incurred within one year before the petition date and secured by a purchase money security interest in any other thing of value.

(a) The Plan DOES propose to limit the secured claims listed below to the following amounts (cramdown). THIS WILL BE THE TREATMENT OF THE CREDITORS LISTED BELOW UNLESS THE LISTED CREDITOR FILES A STATEMENT BEFORE THE MEETING OF CREDITORS THAT IT DOES NOT ACCEPT THE PLAN OR ORALLY MAKES SUCH STATEMENT AT THE MEETING OF CREDITORS.

| CREDITOR | COLLATERAL | SCHEDULED AMT. | VALUE | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|---|
| -NONE- | | | | | |

(b) If a creditor noted above DOES NOT ACCEPT the plan, the collateral listed above for that creditor will be surrendered and the payments to the Trustee will be reduced by the amount listed under "Per Mo." for that creditor in 4(a) above, and the "base" reduced accordingly.

(c) Debtor proposes to pay the claims not subject to § 506 as listed below in full.

| CREDITOR | COLLATERAL | SCHEDULED AMT. | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| GEMB/HHGREGG | REFRIGERATOR, TV HH GREGG | 1,070.00 | 4.00 | 32.10 |
| KAY | WEDDING RING KAY JEWELERS | 400.00 | 4.00 | 17.55 |
| KAY | NECKLACE KAYS JEWELERS | 262.00 | 4.00 | 11.50 |
| SUNTRUST BANK | 2005 ACCURA RSX SUNTRUST | 7,500.00 | 4.00 | 141.55 |

## 5. PRECONFIRMATION ADEQUATE PROTECTION PAYMENTS AND PAYMENTS TO LESSORS

The Debtor proposes that the Trustee make adequate protection payments, or payments to lessors prior to the confirmation of the plan, pursuant to § 1326(a)(1) as follows:

| CREDITOR | AMOUNT OF MONTHLY PAYMENT |
|---|---|
| -NONE- | |

The Trustee shall commence making such payments to creditors holding allowed claims secured by a purchase money security interest

in personal property or leases of personal property as soon as practicable after the filing of a proof of claim by such creditor. The Trustee shall receive the percentage fee fixed under 28 U.S.C. § 586(e) on such payments. Upon confirmation the treatment of such claims will be governed by Paragraph 4 or 6 as appropriate.

6. **SECURED CLAIMS AND MOTION TO VALUE COLLATERAL**

Debtor moves to value the collateral as indicated below. Trustee shall pay allowed secured claims the value indicated or the amount of the claim, whichever is less. The excess of creditors claim shall be treated as an unsecured claim. Any claim listed as "NO VALUE" in the value column below will be treated as an unsecured claim, and the lien avoided pursuant to § 506.

| CREDITOR | COLLATERAL | SCHEDULED AMOUNT | VALUE | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|---|
| | | | | | |

7. **SURRENDERED PROPERTY**

In addition to any property surrendered under 4(b), Debtor surrenders the following collateral. Upon confirmation, the stay is lifted as to surrendered collateral. Any claim submitted by such creditor will receive no distribution under the plan until an amended proof of claim is filed by such creditor, reflecting any deficiency balance remaining following surrender.

| CREDITOR | COLLATERAL |
|---|---|
| HSBC | 2007 KAWASAKI NINJA 1000 |

8. **UNSECURED CLAIMS**

Allowed non-priority unsecured claims shall be paid as follows:

☐ The Debtor shall pay sufficient funds to provide a pool to unsecured creditors of $____ ("Unsecured Pool"). Payments to unsecured priority and general creditors will be made from this pool. The unsecured creditors will receive all funds remaining in the Unsecured Pool after satisfaction of all allowed priority claims.

☒ Not less than __20__ percent.

☐ Funds that the Trustee receives which exceed the total allowed priority unsecured claims, the total secured claims plus interest, long term claims, and the Unsecured Pool shall increase the Unsecured Pool until the Debtor has paid the total Base amount indicated in Paragraph 1(d).

**Separately Classified Unsecured Claims**

    (1) Cosigned claims shall be treated as follows:

| CREDITOR | COSIGNER | TREATMENT | AMOUNT |
|---|---|---|---|
| -NONE- | | | |

    (2) Other classified unsecured claims:

| CREDITOR | REASON FOR CLASSIFICATION | TREATMENT | AMOUNT |
|---|---|---|---|
| -NONE- | | | |

9. **CURING DEFAULT AND MAINTAINING PAYMENTS**

(a)     Trustee shall pay the allowed claims for arrearages, and Trustee shall pay the postpetition monthly payments to the creditor.

| CREDITOR | COLLATERAL | ESTIMATED ARREARAGE | LAST MONTH IN ARREARS | INTEREST RATE | REGULAR PAYMENT AMOUNT |
|---|---|---|---|---|---|
| BANK OF AMERICA | DEBTORS RESIDENCE AT 1512 WINDING WAY WHITE HOUSE TN 37188 | | | | 907.00 |

| CREDITOR | COLLATERAL | ESTIMATED ARREARAGE | LAST MONTH IN ARREARS | INTEREST RATE | REGULAR PAYMENT AMOUNT |
|---|---|---|---|---|---|
| BANK OF AMERICA | DEBTORS RESIDENCE AT 1512 WINDING WAY WHITE HOUSE TN 37188 | 3,712.00 | JUN 2011 | 0.00 | PRO RATA |

(b) Trustee shall pay allowed claims for arrearages, and Debtor shall pay the postpetition monthly payments to creditor.

| CREDITOR | COLLATERAL | EST. ARREARAGE | LAST MONTH IN ARREARS | INTEREST RATE | REGULAR PAYMENT AMOUNT |
|---|---|---|---|---|---|
| -NONE- | | | | | |

## 10. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

All executory contracts and leases are rejected, except the following are assumed and treated under the plan as noted:

| CREDITOR | PROPERTY DESCRIPTION | TREATMENT UNDER PLAN |
|---|---|---|
| COMCAST | CABLE TV SERVICE | ASSUME |
| VERIZON | CELL PHONE CONTRACT | ASSUME |

## 11. OTHER PLAN PROVISIONS AND MOTIONS

**(a)** **Motion to Avoid Lien under § 522(f).**
Debtor moves to avoid the following liens that impair exemptions:

| CREDITOR | COLLATERAL |
|---|---|
| -NONE- | |

**(b)** **Lien Retention and Motions to Avoid Liens**
Except as provided above in Paragraph 7 and 10(a), allowed secured claim holders retain liens until liens are released upon completion of all payments under the plan.

**(c)** **Debtors Certificate of Compliance with § 521 and Motion for Order Acknowledging Compliance**
Debtors Counsel (or debtor, if not represented by counsel) certifies that all information required under § 521(a)(1) has been filed and/or submitted to the Trustee and moves the court for an order that such information satisfied the requirements of § 521 and that the case is not dismissed under § 521(i).

**(d)** ☒ **Debtors move the Court to substantively consolidate the joint estates.**

☐ **Debtors move the Court to NOT substantively consolidate the joint estates.**

**(e)** **Vesting of Property of the Estate**
Property of the estate shall revest in the Debtor:
____ Upon confirmation.
__X__ Upon discharge or dismissal.
____ Other: ____

**(f)** **Direct Payment by Debtor**
☐ Secured creditors and lessors to be paid directly by the Debtor shall continue to mail to Debtor the customary monthly notices or coupons notwithstanding the automatic stay.

**(g)** **Order of Distribution**
Trustee shall pay allowed claims in the following disbursement priority:
(1) **Priority Claims (Including Administrative Expenses and Support)**
(2) **Secured Claims**
(3) **Arrearages**
(4) **Separately Classified Unsecured Claims**
(5) **Unsecured Claims**

(6) _____

**(h)** **Other, Special Provisions of the Plan Not Elsewhere Described:**

**Debtor moves that all funds held by the trustee at confirmation less such amounts necessary to pay the filing fee, post-petition domestic support obligations and payments required pursuant to 1326(a) shall be paid toward the attorney's fee of counsel for debtor as an administrative expense.**

**12. PROVISIONS RELATING TO CLAIMS SECURED BY REAL PROPERTY TREATED PURSUANT TO 11 U.S.C. § 1322(b)(5).**

**(a)** Confirmation of this Plan imposes on any claim holder treated under paragraph 9 and secured by the debtor's residence, the obligation to:

　**i.** Apply payments from the trustee on account of pre-confirmation arrearages only to those arrearages. For purposes of this plan, the "preconfirmation arrearages" include all sums included in the allowed proof of claim plus any postpetition preconfirmation payments or charges due under the underlying mortgage obligation not specified in the allowed proof of claim.

　**ii.** Treat the mortgage obligation as current at confirmation such that future payments, if made pursuant to the plan, shall not be subject to late fees, penalties or other charges.

　**iii.** Not less than 60 days prior to the effective date of any change in monthly mortgage payments, notify the trustee, the debtor(s) and the attorney for the debtor(s) in writing of: (1) any change or adjustment in interest rate and the effective date of that change or adjustment; and (2) any change in property taxes and/or property insurance premiums that would increase or reduce the escrow portion, if any, of the monthly mortgage payments and the effective date of that change.

　**iv.** Notify the trustee, the debtor(s) and the attorney for the debtor(s), in writing, of any protective advances or other charges incurred by the claim holder, pursuant to the mortgage agreement, within 60 days of incurring such protective advance or other charge.

**(b)** **i.** Monthly ongoing mortgage payments shall be paid by the trustee commencing with the later of the month of confirmation or the month in which a proof of claim itemizing the arrearages is filed by the claim holder.

　**ii.** If the trustee has maintained payments to the mortgage creditor in accordance with paragraph 9) of this order, then no later than 60 days prior to the anticipated last payment under the plan, the trustee shall file a motion and notice consistent with LBR 9013-1 requesting the court find that the trustee has complied with the plan to maintain mortgage payments and to cure preconfirmation arrearages. If the claim holder asserts that the mortgage obligation is not contractually current at the time of the trustee's motion, then the claim holder shall, within 30 days of receipt of the motion, file a Statement of Outstanding Obligations, itemizing all outstanding obligations it contends have not been satisfied as of the date of the Statement, with service upon the trustee, the debtor(s) and the attorney for the debtor(s). Filing and service of a Statement shall be treated as a response for purposes of LBR 9013-1 and a hearing will be held consistent with the trustee's notice. No liability shall result from any nonwillful failure of the trustee to file the application authorized herein.

**(c)** If the claim holder fails to timely file and serve a Statement of Outstanding Obligations, the trustee shall submit an order declaring the mortgage current and all arrearages cured as of the date of the trustee's motion; and, upon discharge, the claim holder shall treat the mortgage as fully reinstated according to its original terms and fully current as of the date of the trustee's notice.

**(d)** If the claim holder timely files and serves a Statement of Outstanding Obligations, the debtor may propose a modified plan to provide for payment of additional amounts the debtor acknowledges or the court determines are due. To the extent amounts set forth on a timely filed Statement of Outstanding Obligations are not determined by the court to be invalid or are not paid by the debtor through the plan or a modified plan, the right of the holder to collect those amounts is unaffected.

　　　　　　　　　　　　　　　　　　　　**/s/ DAVID HOLMES**
　　　　　　　　　　　　　　　　　　　　**DAVID HOLMES 019807**
　　　　　　　　　　　　　　　　　　　　DEBTOR'S ATTORNEY SIGNATURE